UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY WENDELL ANDERSON,

       Plaintiff,               Case No. 13-11241
                                  HON. GERSHWIN A. DRAIN

vs.



JOSE MENDOZA, BUD LIEBLER,
KHELIED DIAB, PATRICK LIEBLER,
THE NEW WHITNEY, LLC, ZENOBIA
MONGER and HANOVER INSURANCE
COMPANY, et al.,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#3] AND CANCELLING JUNE 11, 2013 HEARING

## I.    INTRODUCTION

       Presently before the court is Defendants' Motion to Dismiss.  Upon review of the Complaint, Motion to Dismiss, and Response the Court concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve the pending Motion on the briefs and cancels the hearing scheduled for June 11, 2013.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow Defendants' Motion is GRANTED.


## II.    PROCEDURAL AND FACTUAL HISTORY

       This suit arises out of events that transpired on July 19, 2009 at The Whitney, a

restaurant located in Detroit, Michigan.  Plaintiff's complaint is light on factual allegations, but it appears that Plaintiff entered into a physical altercation with Defendant Mendoza. The altercation resulted in Plaintiff's arrest for assault with intent to do great bodily harm and attempted murder.  Plaintiff was found not guilty of the assault charge on February 18, 2010, but does provide information regarding the attempted murder charge.

Plaintiff filed this action in state court on February 19, 2013.  Liberally construed, his Complaint raises the following claims: personal injury, intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution and a Section 1983 claim based on violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights. Defendants removed the case to this Court on March 20, 2013.  On March 26, 2013, Defendants filed the Motion to Dismiss, arguing, inter alia, that the statute of limitations for Plaintiff's claims expired.

## III.   LAW AND ANALYSIS

### 1. Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### 2. Statute of Limitations

The statute of limitations is an affirmative defense under the Federal Rules of Civil Procedure. FED.R.CIV.P. 8(c). A plaintiff is typically not required to rebut an affirmative defense in the complaint in order to state a valid claim, however there is an exception when "the allegations in the complaint affirmatively show that the claim is time-barred." *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to

dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for general personal injury actions is 3 years.  Mich. Comp. Laws Ann. § 600.5805(10) (West).  This is the applicable limitation for Plaintiff's personal injury and intentional infliction of emotional distress claims.  It is also the correct limitation for Plaintiff's Section 1983 claim since these claims use the statute of limitations period of the state's general personal injury action. *See Owens v. Okure*, 488 U.S. 235, 250 (1989).  The statute of limitations period starts upon "the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."  Mich. Comp. Laws Ann. § 600.5805(10) (West).  Plaintiff's Complaint states that the alleged wrongdoing of Defendants took place on July 21, 2009.  The Complaint was filed on February 19, 2013.  So, Plaintiff's personal injury, intentional infliction of emotional distress and Section 1983 claims are time-barred.

The statute of limitations for Plaintiff's malicious prosecution, false arrest, and false imprisonment claims is 2 years.  *Id.* at §§ (2) and (5).  The false arrest and false imprisonment claims accrued upon Plaintiff's arrest and imprisonment on July 21, 2009. *See Wolfe v. Perry*, 412 F.3d 707, 715 (6th Cir. 2005).  Plaintiff correctly asserts that the malicious prosecution claim accrued after the criminal charges were dismissed on February 18, 2010.  *Id.*  The statute of limitations for bringing these claims has also expired, thus they are time-barred.  Since all of Plaintiff's claims are barred, this action is properly dismissed under Rule 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [#3] is GRANTED.

SO ORDERED.


Dated:  May 3, 2013

S/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE




CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 3, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk