UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY WENDELL ANDERSON,

   Plaintiff,        Case No. 13-11241
               HON. GERSHWIN A. DRAIN

vs.

JOSE MENDOZA, BUD LIEBLER,
KHELIED DIAB, PATRICK LIEBLER,
THE NEW WHITNEY, LLC, ZENOBIA
MONGER and HANOVER INSURANCE
COMPANY, et al.,

   Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [#12]

   Before the Court is Plaintiff's Motion for Relief from Judgment. On May 3, 2013, this Court granted Defendants' Motion to Dismiss on statute of limitations grounds. Plaintiff filed a Motion for Reconsideration on May 21, 2013, arguing that this Court should have applied a three-year statute of limitations period for his malicious arrest and prosecution claims. This Court denied Plaintiff's Motion since the three-year statute of limitations Plaintiff argued is applicable is actually only applied to Section 1983. The Court noted that since there are no state actors involved in Plaintiff's Complaint, Plaintiff's malicious arrest and prosecution claims must be brought under state law. The applicable statute of limitations under state law is two-years. In closing, it was noted that even under a three-year statute of limitations, Plaintiff would still be late by one day.

-1-

Plaintiff brings the present motion pursuant to Federal Rule of Civil Procedure 60(b)(1), (5), and/or (6) arguing that he is entitled to relief from this Court's judgment. Federal Rule of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Plaintiff argues that relief is required under Rule 60(b) based on the application of a two-year statute of limitations to his false arrest and prosecution claims. Though Plaintiff requests relief specifically under Rules 60(b)(1), (5), and (6), these rules are considered together as Plaintiff raises the same argument under each heading – that this Court erred by applying a two-year statute of limitations. There was no error. As already discussed, there were no state actors involved in Plaintiff's claim, a required ingredient for a successful Section 1983 claim. Given Plaintiff's pro se status, this Court construed his claims to be brought on the basis of state law where the applicable statute of limitations is two-years. Had this Court treated Plaintiff's claim as a Section 1983 claim then it would also be dismissed because there were no state actors involved. This Court noted that even if there was a three-year statute of limitations, it still would have expired. Plaintiff claims that February 18, 2013 was a federal holiday, thus he had until the next day to file. This

argument is irrelevant as the Court's holding was based on the fact that Plaintiff's claim had no basis in federal law and the time to bring a state law claim expired. Plaintiff's Motion does not present a valid challenge to those grounds, so Plaintiff's Motion is DENIED.

Plaintiff also requested to amend his Complaint and alter or amend the judgment against him. It is entirely too late to request leave to amend his Complaint, months after the action was dismissed, nor has Plaintiff demonstrated good cause to do so. This Court has already considered and denied Plaintiff's argument to amend the judgment entered. These requests are both DENIED.

SO ORDERED.

Dated:  July 23, 2013

             S/Gershwin A. Drain
             GERSHWIN A. DRAIN
             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy ClerK